```
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 1 9 2013
JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

MICHAEL DAVID NASH,

    Plaintiff,

v.

OFFICER JASON TAYLOR et al.,

    Defendants.

Civil Action No.: 5:12cv077

By: Hon. Michael F. Urbanski
    United States District Judge

## ORDER

This matter was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on December 5, 2012, recommending that the motions to dismiss filed by the myriad individual defendants and the County of Albemarle be granted. Plaintiff Michael David Nash filed objections to the report and recommendation on December 28, 2012. The court has reviewed the magistrate judge's report, the objections to the report, and the pertinent pleadings and, in so doing, made a <u>de novo</u> determination of issues to which Nash objected.

On March 18, 2011, defendant Jason Taylor, an officer with the Albemarle County Police Department, stopped Nash's vehicle because of a faulty tail light. Following the traffic stop, plaintiff was charged with falsely identifying himself to a law enforcement officer under Va. Code § 19.2-82.1, and driving without a license under Va. Code § 46.2-300. The latter charge was amended to driving while suspended under Va. Code § 46.2-301. Nash was found guilty by the General District Court of Albemarle County, and appealed his conviction to the Circuit Court of Albemarle County. At the ensuing jury trial in circuit court, Nash was acquitted of falsely

identifying himself, but found guilty of driving on a suspended license, and was sentenced to thirteen months in jail. Nash did not appeal this conviction.

In this civil rights action brought under 42 U.S.C. § 1983, Nash contends that Officer Taylor lacked probable cause to arrest him. Additionally, he alleges that, defendant Debra M. Shipp, the state court clerk, defendants Fred Kirschnick, Kevin Sprouse and Bob Villwock, deputy sheriffs, defendants Cheryl V. Higgins, William G. Barkley, state court judges, defendant Michelle Jevan Scott, state court magistrate, defendant John R. Zug, prosecuting attorney, acted in contravention of Nash's constitutional rights by virtue of their complicity with the state court judgment. Nash seeks to hold the County of Albemarle vicariously liable for the acts of defendants.

Having reviewed the pleadings, report and recommendation, and objections, the court concludes that the report and recommendation be adopted in its entirety. "The heart of the matter," as Nash termed it at oral argument, is that the Commonwealth of Virginia had no power or authority over him because he claims to be a sovereign entity. Thus, Nash deems the process of arresting him and subsequent state court judgment stemming from the arrest to be void. The magistrate judge construed this argument as an assertion by Nash that the Commonwealth of Virginia did not have power to regulate the use of highways within its boundaries and to enforce such regulations by the exercise of its police powers. The report and recommendation correctly concludes that the Commonwealth of Virginia has the police power to regulate the use of roads and that Nash is subject to that regulation. Conway v. Taylor's Ex'r, 66 U.S. 603, 618 (1861).

Nash's claim is meritless. As outlined in the report and recommendation, the Rooker-Feldman doctrine bars federal courts from considering issues raised and decided by state courts. Indeed, the Supreme Court has clearly held that in order to avoid the Rooker-Feldman bar, a

plaintiff must present "some independent claim." Exxon Mobil Corp. v. Saudi Basic Indus. Corp. 544 U.S. 280, 284 (2005). Nash's complaint contains no such independent claim. Rather, the complaint simply asks the court to review the state court judgment and declare it void.

Nash's objections to the application of the Rooker-Feldman doctrine are the same objections raised at oral argument before the magistrate judge and in Nash's Motion to Strike, which contains his response to defendants' motions to dismiss. As such, the magistrate judge carefully considered these very arguments and reflected as much in the report and recommendation.

In addition to the Rooker-Feldman doctrine, the magistrate judge found that Nash's claims against Circuit Judge Higgins, General District Judge Barkley and Magistrate Scott are barred because these defendants have been sued for actions taken in their judicial capacity and therefore, enjoy absolute immunity from a § 1983 suit. Similarly, defendant Zug, as a state prosecutor, enjoys absolute immunity for all action taken in discharge of his duties to prosecute criminal matters. Defendants Deputy Sheriffs Kirschnick, Sprouse, and Villwock likewise enjoy immunity as the office of the Sheriff is established by the Virginia Constitution, and the Eleventh Amendment bars plaintiff's claim for damages against these defendants acting in their official capacities. Additionally, defendant Shipp, as state court clerk, enjoys Eleventh Amendment immunity for actions taken in her official capacity.

The report and recommendation concludes as well that the claims against Officer Taylor and Albemarle County fail. Nash's own affidavit concedes that probable cause exists to support the traffic stop. Nash alleges that Albemarle County is subject to § 1983 liability because it failed to train and supervise Officer Taylor. However, local governments cannot be held vicariously liable under the doctrine of respondeat superior absent participation in the alleged

events giving rise to the action or a showing of tacit authorization of them. Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978). As the magistrate judge correctly noted, Nash has made no such showing here.

Nash's objections do not address the findings of the magistrate judge that defendants enjoy immunity from a § 1983 suit when sued in their official capacities. Rather, his objections merely reiterate the arguments previously heard by the magistrate judge and correctly addressed in the report and recommendation.

Accordingly, the court accepts the magistrate judge's report and recommendation in its entirety. Thus, it is **ORDERED** and **ADJUDGED** that the motion to dismiss by Judge Barkley, Judge Higgins, and Magistrate Scott be **GRANTED** (Dkt. No. 13), that the motion to dismiss by court clerk Shipp be **GRANTED** (Dkt. No. 17); that the motion to dismiss by state prosecutor Zug be **GRANTED** (Dkt. No. 19); that the motion to dismiss by sheriff's deputies Kirschnick, Sprouse, and Villwock be **GRANTED** (Dkt. No. 21); that the motion to dismiss filed by Officer Taylor and the County of Albemarle be **GRANTED** (Dkt. No. 23); that Nash's Motion to Strike defendants' Motion to Dismiss be **DENIED** (Dkt No. 27); and that the case be stricken from the active docket.

The Clerk is directed to send a copy of this Order to all counsel of record and plaintiff Nash, proceeding pro se.

Entered: March 19, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge